UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JASON PLOETZ, | Case No. 25-cv-3665 (LMP/DJF) |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IFP ON APPEAL** |
| WINONA COUNTY; CITY OF STOCKTON; and THE OFFICE OF SENATOR JEREMY MILLER, | |
| Defendants. | |

---

On September 30, 2025, the Court dismissed Plaintiff Jason Ploetz's complaint without prejudice after conducting a preservice review under 28 U.S.C. § 1915(e)(2). ECF No. 3. Judgment was entered the same day. ECF No. 4. The Court later extended the time to file a notice of appeal to December 1, 2025. ECF No. 8. Ploetz timely filed a notice of appeal, ECF No. 12, and contemporaneously filed an application to proceed in forma pauperis ("IFP") on appeal, ECF No. 13.

A litigant who seeks IFP status on appeal must first "file a motion in the district court" and "state[] the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). The Court must deny IFP status if the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(1), (a)(3). "To determine whether an appeal is taken in good faith, the Court must determine whether the claims to be decided on appeal are factually or legally frivolous." *Smith v. Eischen*, No. 23-cv-357 (JRT/DJF), 2024 WL 2818335, at *1 (D. Minn. June 3, 2024) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Ploetz's IFP application indicates that his liabilities and regular expenses are greater than his income, which sits at 68% of the relevant federal poverty guideline. ECF No. 13 at 2–6. Ploetz's financial status qualifies him for IFP status. *See Cassell v. Cassell*, No. 09-cv-1112 (PJS/AJB), 2011 WL 13202147, at *1 (D. Minn. Apr. 7, 2011) (finding that litigant qualified for IFP status on appeal when her income was less than 125% of the federal poverty guideline).

As for the issues Ploetz intends to present on appeal, Ploetz states that he appeals this Court's dismissal of "ADA Title 2, Section 504 of Rehabilitations Act, Retaliation, Constitutional Claims, Equal Process of Due Protection 14th Amendment, Retaliation, Intimidation, and Interference, Environmental Violation, Denial of Access of Courts." ECF No. 13 at 1. To the extent that Ploetz is attempting to raise Rehabilitation Act and constitutional claims on appeal, those claims are plainly frivolous because Ploetz's complaint never alleged claims under the Rehabilitation Act, the U.S. Constitution, or the Minnesota Constitution. *See* ECF No. 1 at 4. Rather, Ploetz only brought claims under the Americans with Disabilities Act ("ADA"), the Minnesota Human Rights Act, and a state-law claim related to the destruction of native wildflowers. *Id.* The Eighth Circuit does not consider new claims raised for the first time on appeal, *see Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004), so to the extent that Ploetz seeks to raise new claims on appeal, he cannot obtain IFP status to appeal those nonexistent claims.

As for the claims that Ploetz actually brought—ADA and state-law claims—although the ADA claims were properly dismissed due to pleading deficiencies, the Court does not discern that those claims are "factually or legally frivolous." *Smith*, 2024 WL

2818335, at *1. And resolution of the state-law claims is necessarily tethered to consideration of the ADA claims, as the Court's decision to exercise jurisdiction over the state-law claims hinges on whether Ploetz's complaint plausibly alleges ADA claims. Accordingly, the Court will grant Ploetz IFP status on appeal—but only as to the claims that he actually alleged in his complaint.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that Ploetz's Application to Proceed IFP on Appeal (ECF No. 13) is **GRANTED**.

Dated: December 3, 2025

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge